Filed 12/28/20  P. v. Beres CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>MELISSA MARIA BERES,<br><br>　　Defendant and Appellant. | A159292<br><br>(San Mateo County<br>Super. Ct. No. 17-SF-004575-A) |

In September 2019, Melissa Maria Beres was convicted by plea of no contest to a commercial burglary (Pen. Code, §§ 459, 460, subd. (b))[1] of Flavor Restaurant in Half Moon Bay in November 2016, as part of a negotiated disposition that resolved several other charges as well. She was sentenced to 16 months in prison, consecutive to a sentence of eight years, eight months that she was already serving for convictions in Santa Clara County. She now appeals from her sentence and postplea orders. Her attorney has filed a brief raising no issues, in accordance with the procedure prescribed in *People v. Wende* (1979) 25 Cal.3d 436. We shall affirm the conviction and sentence.

---

[1] Further undesignated statutory references are to the Penal Code unless otherwise indicated.

# I. BACKGROUND

With respect to the Flavor Restaurant burglary (count 2), a sheriff's investigation showed that on or about November 17, 2016, Beres had driven a truck to the restaurant to help an accomplice transport a safe containing $500 in cash that he and another accomplice had removed from the restaurant premises. Several of the restaurant's cash drawers had also been knocked over and emptied. The burglars had pried open the glass front doors to the restaurant to gain access.

Beres was also charged with a second count of commercial burglary (count 1) based on a similarly-executed burglary of Jersey Joe's Restaurant in Half Moon Bay approximately two weeks earlier, in that the front glass door to the restaurant was smashed to allow the burglars entry. The burglars pried open an interior office door and took the owner's credit card, $1,000 in cash, and the restaurant's security camera system. Early the next morning, Beres was caught on video in a car with a White male when he used the restaurant owner's credit card at a gas station. Beres admitted in social media messages that she had been present during the Jersey Joe's burglary.

Beres was further charged in counts 3 and 4 with misdemeanor methamphetamine possession under Health and Safety Code section 11377, subdivision (a), and misdemeanor possession of paraphernalia (*id*., § 11364, subd. (a)).

The information also alleged that Beres had suffered a prior strike conviction (§§ 667, subds. (b) through (j), 1170.12) in 2010 for residential burglary (§§ 459, 460, subd. (a)), that she had served prior prison terms in connection with four prior convictions (§ 667.5, subd. (b)), and that her prior convictions made her ineligible for probation (§ 1203, subd. (e)(4)).

The count arising from the Jersey Joe's burglary (count 1) was dismissed as part of the negotiated plea, with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), and the drug charges (counts 3 and 4) were also dismissed. Beres was advised of her trial rights and waived them and pleaded nolo contendere to the Flavor Restaurant burglary charge (count 2). She admitted the prior strike conviction, the prior prison term allegations, and the probation ineligibility clause. She agreed to allow the sentencing judge to impose a sentence no greater than 16 months in prison, with the understanding that the judge would consider a postplea *Romero* motion to be filed by Beres's counsel. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

At sentencing on November 8, 2019, the court heard and denied the *Romero* motion. Defense counsel, both in oral argument and in a written motion, argued that the current offense was not serious or violent, the prior strike was remote (2010), and though it was for residential burglary, no one had been injured. He tied Beres's past crimes to her drug addiction, described her past and continuing efforts to achieve sobriety and improve her prospects, and argued that her criminal record was "not that significant." He noted she had successfully completed parole on her prior convictions.

The district attorney countered, both in written opposition and in oral argument on the motion. He noted that Beres, at age 38, had an extensive criminal record. The deputy who argued the motion disagreed that Beres's record was "not significant" in that she had 12 prior felony convictions and numerous misdemeanors, emphasizing that "in a short period of time she picked up a significant number of crimes and has been given the opportunity to change and has not." Beres admitted four prior felony convictions (two counts of second degree burglary (§§ 459, 460, subd. (b)), one count of

3

unlawful driving of another's vehicle (Veh. Code, § 10851, subd. (a)), and one count of residential burglary (§§ 459, 460, subd. (a)) by reason of her admission to the allegations under sections 667.5, subdivision (b), and 1203, subdivision (e)(4).

The judge disagreed with Beres's counsel that the current offense was not serious, pointing out that commercial burglaries have a "significant impact on the community" and on the small business owners victimized by such conduct. He called Beres's prior record "really, really bad." He noted that sometimes, when she had a "break between convictions," it was because Beres was in custody during those periods.

Relying especially on *People v. Strong* (2001) 87 Cal.App.4th 328, which held there must be extraordinary reasons for finding that a career criminal falls outside the spirit of the law (*id.* at pp. 332, 336–340, 347), the judge denied the *Romero* motion, denied probation, and sentenced Beres to 16 months in prison consecutive to a term she was already serving based on offenses committed in Santa Clara County. He imposed a restitution fund fine of $300 (plus a 10 percent administrative fee) (§ 1202.4, subds. (b), (*l*)), a parole revocation fine of $300 (suspended unless parole were later revoked) (§ 1202.45, subds. (a), (c)), a court operations fee of $40 (§ 1465.8), and a criminal conviction assessment of $30 (Gov. Code, § 70373). He ordered preparation of a restitution report by the probation department. Finally, he granted Beres four days of actual credit for local custody on this offense and four days of conduct credit. (§ 4019, subd. (f).) The court modified the judgment on December 20, 2019, to provide for restitution of $6,354 to the owner of Flavor Restaurant and reserved jurisdiction to determine the amount of restitution for the Jersey Joe's victim.

## II. DISCUSSION

Under *Anders v. California* (1967) 386 U.S. 738, appellate counsel suggests the denial of the *Romero* motion may be an issue that would merit briefing on appeal. We have considered that point and decline to order briefing.

The question before the court on the *Romero* motion was whether Beres, in light of her current crime and her criminal history, background, character, and prospects, should be deemed outside the spirit of the three strikes law and, hence, should be treated as though she had not suffered the prior strike conviction. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Resolution of a *Romero* motion lies within the discretion of the sentencing judge. (*Romero*, *supra*, 13 Cal.4th at p. 504; § 1385, subd. (a).) In this case, the judge offered sound reasons for denying the motion. Beres did have a "really bad" record, and the 16-month sentence (one-third the middle term, doubled because of the strike prior) was not extreme for the conduct involved. Beres did not demonstrate that she fell outside the spirit of the three strikes law. (*Williams*, at p. 161.) There is no viable argument that the judge abused his discretion. (*Id.* at p. 152 [abuse of discretion standard applies on appeal].) We agree with appellate counsel's assessment that the *Romero* issue did not merit briefing on appeal.

We have reviewed the whole record and see no irregularities in the postplea proceedings that would support a meritorious argument on appeal.

## III. DISPOSITION

The judgment is affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
TUCHER, J.

5